CROWELL *v.* CROWELL.

No. 13495.    OCTOBER 16, 1940.

38

*Albert F. Quirk* and *J. B. McCurdy Jr.*, for plaintiff in error. *Chalmers, Jackson & Garner,* contra.

GRICE, Justice. While, as recognized in dealing with this case on a former appearance (*Crowell* v. *Crowell, 190 Ga.* 501, 9 S. E. 2d, 628), a decree in a divorce case awarding the custody of a child gives only a prima facie right, and a habeas-corpus court is not always concluded by its terms, neither party, so far as the record shows, undertook to show that any change had taken place in the status of the parties between the date of the divorce and the institution of the proceeding for habeas corpus, and each elected to stand on the rights claimed by virtue of the decree in the divorce case, the order of the judge which forms the basis of the exception before us disclosing that he had before him only the two orders of Treutlen superior court shown above, and that he was called on only to decide which of the two was effective. The decree entered at the trial term of the divorce case by its terms gave to each of the parents the custody of their only child, a boy, for six months in each year. At a later term of the court the subsequent decree was entered. While the latter contains the clause that "The said [former] judgment is hereby corrected as aforesaid, in open court in the presence of Will Stallings, attorney appearing of record in the case for the plaintiff, and N. G. Reeves Jr., attorney appearing of record for the defendant in said case, to conform to the judgment as originally pronounced and rendered in the case," there is no statement that this second decree was entered with the consent of the husband and father, or that he had any previous notice whatever that it would be entered. The amended decree withdrew from

him substantial rights accorded to him under the terms of the original decree, to wit, the right to the custody of his son for six months of every year during his minority. It is not recited in the amended decree that the same was instituted by any motion or proceeding of any kind, and there is no such recital in the bill of exceptions. Indeed the brief of counsel for Mrs. Crowell recites that "While there was no petition filed, and the court brought the proceeding on its own motion, it was in fact in the nature of a direct proceeding to change the record to speak the truth," etc. In *Brady* v. *Brady,* 71 *Ga.* 71, this court was dealing, not with an order of a State court, but with the validity of an order of the district court of the United States, as a court of bankruptcy, to correct the mistake of the assignee in the numbering of the lots set apart as an exemption to the bankrupt. No question of different terms of court was there involved, and it was stated in the opinion that the error was corrected upon a proceeding brought for that purpose by the bankrupt against the assignee, of which the plaintiff had notice. The case of *Tyler* v. *State,* 125 *Ga.* 46 (53 S. E. 818), does not sustain the position of the plaintiff in error, the holding there being that a clerical omission to include in the judgment as written a part of the oral pronouncement is to be treated as a mistake which may afterward be so corrected as to make the judgment conform to the truth; and that if done at the same term, the court may make the correction without notice to any one; if at a subsequent term, it must be upon notice to the parties at interest. The ruling in *Pulliam* v. *Jenkins,* 157 *Ga.* 18 (121 S. E. 679); which also is relied on by the plaintiff in error, is merely to the same effect. The Code, § 24-104, par. 6, which declares that every court has power to amend its own records so as to make them conform to the truth, has never been given the application contended for in the instant case, but on the contrary it has been held that it does not enable a court to change a judgment in substance or in any material respect. The opinion in *Richards* v. *McHan,* 139 *Ga.* 37, 40 (76 S. E. 382), quoted from Freeman on Judgments, wherein it was said that the principles of public policy requiring the application of the doctrine of estoppel to judicial proceedings, in order to secure the repose of society, are as imperatively demanded in the cases of private individuals contesting private rights under the form of proceedings in habeas corpus as if the litigation

were conducted in any other form. In that case Mr. Justice Evans observed as follows: "Partaking of the general characteristics of conclusiveness between the parties as ordinary judgments, such judgments likewise fall under the general rule regarding their amendment. In respect to amendment of judgments the general rule is, that after the expiration of the term at which the judgment was rendered it is out of the power of the court to amend it in any matter affecting the merits." Compare *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256); *Latimer* v. *Sweat,* 125 *Ga.* 475 (2), 477 (54 S. E. 673); *Miraglia* v. *Bryson,* 152 *Ga.* 828 (111 S. E. 655); *Frazier* v. *Beasley,* 59 *Ga. App.* 500 (1 S. E. 2d, 458). No matter how praiseworthy the motive of the judge of Treutlen superior court in desiring to correct an error in the judgment as entered, we are compelled to hold that he erred in so doing, and that the judge of Fulton superior court did not err in ruling that effect should be given to the original decree, and not the amendment.

*Judgment affirmed. All the Justices concur.*