### A96A0191, A96A0294. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. BREWER et al.; and vice versa.
(472 SE2d 529)

BIRDSONG, Presiding Judge.

Plaintiffs in this case, Brewer et al., seek coverage by their insurer, State Farm Mutual Automobile Insurance Company, of amounts for which they have already recovered in damages from another insurer as the result of the same automobile collision. The collision occurred in March 1992. From then until August 1994, Grady Brewer incurred $5,358.50 in medical bills, and Loletta Middleton-Brewer incurred $4,806.08 in medical expenses. On August 4, 1994, the Brewers settled with the tortfeasor for $30,000. Relying on its policy terms and on an endorsement, State Farm refused to pay

the Brewers any amount for medical expenses, contending such payment would be a double recovery. The trial court denied both the Brewers' and State Farm's motions for summary judgment. The trial court found ambiguity between the policy terms which allowed payment for bodily injury discovered and treated "within three years of the date of the accident," and an amendatory endorsement which provided that if a liable third party has paid the injured person damages for bodily injury in an amount "less than the injured person's total medical expenses, the most we will pay . . . is the lesser of: (1) the limit of liability of this coverage [$10,000 per insured]; or (2) the amount by which the total amount paid by or on behalf of all parties liable," but the endorsement also provides that if the third party pays the injured party "in an amount equal to or greater than the total reasonable and necessary medical expenses incurred by injured person, we owe nothing under this coverage." The trial court held that "before the three-year period expires, the only way for the [insurer] to be sure it 'owe[s] nothing under this coverage' is if the insureds had already been paid damages for their medical expenses in excess of the policy cap of $10,000 per person." Both sides appeal the denial of their motions for summary judgment. *Held*:

The trial court erred in denying summary judgment to State Farm for the claims asserted by the Brewers on the ground that State Farm's potential liability cannot be determined until three years after the date of the accident, that is, March 2, 1997. Under the common rules of construction of insurance contracts, we find no ambiguity or uncertainty in the terms "bodily injury" and "medical expenses." OCGA § 13-2-2 (2). The words used in policies of insurance, as in all other contracts, bear their usual and common significance, and policies of insurance are, as are all other contracts, to be construed in their ordinary meaning. *American Home Assurance Co. v. Smith*, 218 Ga. App. 536, 538 (462 SE2d 441).

In the first place, the Brewers do not meet their burden as respondents on State Farm's motion for summary judgment to affirmatively controvert, by the evidence, State Farm's prima facie showing that the $30,000 settlement paid by the liable party included all medical expenses incurred thus far for bodily injury. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

The terms of this policy contract are unambiguous, and they admit of but one reasonable construction; no court can construe the policy to provide more coverage than it plainly and unambiguously provides. See *American Home Assurance Co. v. Smith*, supra; *Bold Corp. v. Nat. Union Fire Ins. Co. &c.*, 216 Ga. App. 382, 384 (454 SE2d 582). The parties contracted against a double recovery for medical expenses for bodily injury from both the liable party and State Farm. This prohibition of a double recovery is not in conflict with the

provision for coverage for reasonable medical expenses furnished within three years of the date of the accident. State Farm's full potential liability for coverage for medical expenses for bodily injury cannot be determined until three years after the accident, but its present liability is certain. The liable party has paid $30,000 to the Brewers, which is greater than the $10,164.58 they now claim. State Farm is entitled to summary judgment as to those claims.·

The effect of the endorsement language is that State Farm is entitled to summary judgment as to these claims and for any reasonable and necessary expenses for bodily injury furnished by March 2, 1997, within the policy cap of $10,000 per insured. If the Brewers sustain more than $30,000 (the amount they have been paid by the liable party) in reasonable and necessary medical expenses by March 2, 1997, State Farm will owe the lesser of the policy limits ($10,000 per insured) or the amount by which any such reasonable and necessary medical expenses exceed the $30,000 already paid by the liable party to the Brewers for bodily injury and medical expenses.

The Brewers' argument that no portion of State Farm's liability can be determined until their rights "mature" three years after the accident is therefore without merit. Even if they have additional medical expenses for bodily injury before March 2, 1997, there is no genuine issue of material fact that they have been compensated by the liable party in an amount greater than the sums they *now* claim. Accordingly, for these amounts, State Farm owes nothing.

The denial of summary judgment to State Farm on the present claims was error, and the denial of summary judgment to the Brewers on these claims was correct inasmuch as they are not entitled to coverage for these claims under the evidence and under the plain, unambiguous terms of the policy.

*Judgments affirmed in part and reversed in part. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the judgment but not in the gratuitous ruling that State Farm is entitled to summary judgment for future expenses furnished by March 2, 1997, up to $30,000.

This is not a petition for declaratory judgment as to what the insurer's obligations under the contract are but rather a complaint by insureds seeking payment of the expenses they have incurred for medical treatment thus far, a total of $10,164.58, plus interest, attorney fees, and exemplary damages. Future medical expenses are not in issue.

Neither plaintiff is entitled to recover anything. They have jointly been paid $30,000 by the tortfeasor, in settlement, at least in

part for bodily injury. Grady's medical expenses were $5,358.50, and Loletta's were $4,806.08. The amendatory endorsement to the insurance policy excludes coverage under the medical payment provisions in the body of the policy if the injured person has been paid damages for the bodily injury by or on behalf of the liable party in an amount equal to or greater than the medical expenses incurred by the injured party.

" 'When an insurer invokes an exclusionary provision in a policy of insurance as applying to an event(,) it has the burden of showing that the facts come within the exclusion.' [Cit.]" *Lakeshore Marine v. Hartford Accident &c. Co.*, 164 Ga. App. 417, 420-421 (296 SE2d 418) (1982). The insurer has borne its burden of showing that its liability to pay anything at all did not arise, with respect to the current claim, due to the exclusion. That is, the insureds were paid in an amount that was *more than* their medical expenses by the liable party.

If the settlement had been for less than the insured's medical expenses, the insurer could be liable for up to $10,000 per person, depending on other factors. But that is not the case.

DECIDED JUNE 18, 1996.

*Downey & Cleveland, Y. Kevin Williams, Todd E. Hatcher*, for appellant.

*Robert B. Lipman, Christopher J. McFadden*, for appellees.