## A98A1040. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WALKER.
### (505 SE2d 828)

SMITH, Judge.

This action arises out of appellant State Farm's refusal to pay medical expenses to its insured, Demarcus Walker, after Walker was injured in an automobile accident. In the action filed by Walker against it, State Farm moved for summary judgment on the basis of an endorsement in the policy issued to Walker. The trial court denied summary judgment, and we granted State Farm's application for interlocutory appeal. Because we conclude that coverage was clearly and unambiguously excluded under the policy terms, we reverse the trial court's denial of State Farm's motion.[1]

Following an automobile accident that occurred while Walker was a passenger in a vehicle insured by State Farm, Walker claimed medical expenses totaling $10,671.29 for injuries to his neck, back, and right knee. State Farm denied his claim concerning his knee injury but paid $2,000.50 with respect to his other claims. Walker entered into a settlement agreement with Southern General Insurance, the insurer of the individual driving the other car involved in the collision, under which Southern General paid Walker $15,000. Walker then filed this action against State Farm for failure to pay the total amount of his medical bills.

State Farm moved for summary judgment based on an endorse-

---

[1] State Farm also moved for summary judgment concerning Walker's claims for attorney fees and bad faith penalties. The court granted partial summary judgment as to these issues but denied summary judgment as to "all other claims."

ment on its policy providing in relevant part: "If the injured person has been paid damages for the bodily injury by or on behalf of the liable party in an amount . . . equal to or greater than the total reasonable and necessary medical expenses incurred by the injured person, we owe nothing under this coverage." In construing this language, we must bear in mind the general principle that we cannot construe clear and unambiguous language in an insurance contract to expand coverage beyond its plain terms. *Bold Corp. v. Nat. Union Fire Ins. Co. &c.*, 216 Ga. App. 382, 384 (1) (454 SE2d 582) (1995). And here, as in *State Farm &c. Ins. Co. v. Brewer*, 221 Ga. App. 745, 746 (472 SE2d 529) (1996) (physical precedent only),[2] these policy terms "are unambiguous, and they admit of but one reasonable construction; no court can construe the policy to provide more coverage than it plainly and unambiguously provides. The parties contracted against a double recovery for medical expenses for bodily injury from both the liable party and State Farm." (Citations omitted.) It is beyond dispute that Walker's settlement with Southern General in the amount of $15,000 exceeds his total claimed medical expenses of $10,671.29. State Farm therefore owes nothing.

Contrary to Walker's argument, *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997) and OCGA § 33-24-56.1 are not controlling. The Supreme Court in *Duncan* decided the narrow issue of "whether the complete compensation rule, which requires that an insured be completely compensated for his losses before his insurer can exercise a right of subrogation or reimbursement, is applicable to an insurance policy provision which requires the insured to reimburse the insurer for amounts paid under medical payments coverage." Id. at 646. The Court concluded that the complete compensation rule does limit the application of such subrogation provisions when the insurance policy "does not contain an express provision to the contrary." Similarly, OCGA § 33-24-56.1 (f) prohibits benefit providers, including insurers, from reducing liability for medical payments as a set-off against reimbursement claims or withholding benefits as a means of enforcing a reimbursement claim.

But here, in contrast to *Duncan* or the prohibitions of OCGA § 33-24-56.1, State Farm does not seek reimbursement or subrogation but rather relies on a coverage exclusion. We agree with State Farm that an exclusion is not synonymous with the concept of subrogation; the exclusion in this case defines or limits the circumstances under which an insurer must provide coverage, while the right of

---

[2] One judge on a three-judge panel concurred specially in *Brewer*. But that special concurrence actually supported the majority on the proposition relied on here.

reimbursement is dependent on the existence of coverage and arises only if State Farm pays medical expenses under its coverage. State Farm does not seek reimbursement for amounts paid to Walker under medical payments coverage, and neither OCGA § 33-24-56.1 nor *Duncan* therefore supports Walker's claim that State Farm is liable. See generally *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499, 501-502 (492 SE2d 268) (1997).

Nor does *Duncan* support Walker's claim that the exclusion is void as against public policy. As discussed above, *Duncan* addresses only the narrow issue of whether the complete compensation rule limits the applicability of reimbursement or subrogation provisions. And we cannot say that the exclusion here falls within those types of contracts described as violating public policy in OCGA § 13-8-2. Similarly, we cannot say that the exclusion is contrary to good morals and to the law, or that it was " 'entered into for the purpose of effecting an illegal or immoral agreement.' " *Dept. of Transp. v. Brooks*, 254 Ga. 303, 312 (328 SE2d 705) (1985). The parties here exercised their freedom of contract by expressly and unambiguously contracting against double recovery, as did the parties in *Brewer*, supra, and "it is the paramount public policy of this state that courts will not lightly interfere with" this right. (Citations and punctuation omitted.) *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 389 (414 SE2d 521) (1991). See also *American Home Assurance Co. v. Smith*, 218 Ga. App. 536, 538 (462 SE2d 441) (1995). We find no reason in this case to interfere with the right of these parties to exclude coverage by express agreement. We therefore reverse the trial court's denial of State Farm's motion for summary judgment on the issue of coverage.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 24, 1998 —

*Sims, Fleming & Spurlin, John C. Spurlin,* for appellant.
*Wright & Hyman, Thomas H. Hyman,* for appellee.