A99A2487. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. JOHNSON.
(530 SE2d 492)

ANDREWS, Presiding Judge.

In this cross-appeal, State Farm Mutual Automobile Insurance Company appeals from the trial court's Amended Order Granting Partial Summary Judgment, entered June 30, 1999. Because the trial court was without authority to amend the previously entered judgment of January 16, 1998, we reverse.

In Case No. A99A2486, Johnson appealed the grant of summary judgment to State Farm, his insurer, on his claim for breach of contract for failure to pay over $7,000 in medical claims due Dr. Hodges, a pain management specialist. The damages were the result of an automobile accident.

Johnson's complaint, which was not divided into counts, originally alleged that State Farm's failure to pay medical benefits under his policy:

> 6. . . . constitute[s] a breach of contract for which damages are allowed by law. 7. Defendant's actions also constitute fraud, as Mr. Johnson dutifully paid his premiums for coverage in the event of a collision, yet . . . State Farm willfully and wantonly refused him such benefits. 8. Defendant's actions also constitute bad faith, for which the law allows damages.

Summary judgment was granted to State Farm on January 16, 1998, on Johnson's claim for "fraud, attorneys' fees, and punitive damages." The pretrial order, entered May 20, 1999, stated that Johnson sought as damages "Medical bills, interest, attorney fees and any other necessary and/or natural damages *arising from the breach of contract*." (Emphasis supplied.)

Thereafter, State Farm moved for summary judgment because Johnson had recovered $14,000 from the driver of the other vehicle, which was more than the unpaid medical bills. The policy at issue provided that, in such a situation, "we owe nothing under this coverage."

On June 30, 1999, the court granted State Farm's motion for

summary judgment on the breach of contract claim based on *State Farm &c. Ins. Co. v. Walker*, 234 Ga. App. 101 (505 SE2d 828) (1998), which Johnson agreed was controlling because he had admitted that he received $14,000 from the driver's insurer "for his claim for bodily injuries."

On that same date, the court entered the order appealed. That order stated that the order of January 16, 1998 (granting summary judgment on the issues of fraud, attorney fees and punitive damages),

> was intended to address attorney's fees resulting from fraud claims. The Court granted judgment on the issues of "fraud, attorneys' fees, and punitive damages." In said Summary Judgment Order, the court did not intend to preclude attorney's fees pursuant to OCGA § 33-4-6. Wherefore, attorney's fees pursuant to OCGA § 33-4-6 will be an issue at trial.

On October 6, 1999, Johnson withdrew his appeal of the June 30 judgment, leaving pending the cross-appeal of State Farm concerning the second order which purported to amend the earlier partial grant of summary judgment. *Buschel v. Kysor/Warren*, 213 Ga. App. 91, 93 (444 SE2d 105) (1994).

The terms of court for Chatham County (Eastern Judicial Circuit) are the first Monday of March, June, September, and December. OCGA § 15-6-3 (17). Therefore, the January 1998 order was issued during the December 1997 term and was not amended until the June 1999 term, six terms after its entry.

While OCGA § 15-1-3 (6) provides that "[e]very court has power . . . [t]o amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth[,]" that power is not without limit.

It has been held that that section "does not enable a court to change a judgment in substance or in any material respect." *Crowell v. Crowell*, 191 Ga. 36, 39 (11 SE2d 190) (1940).

> "Partaking of the general characteristics of conclusiveness between the parties as ordinary judgments, such judgments likewise fall under the general rule regarding their amendment. In respect to amendment of judgments the general rule is, that after the expiration of the term at which the judgment was rendered it is out of the power of the court to amend it in any matter affecting the merits." [Cits.]

Id. at 40. Compare *Bagley v. Robertson*, 265 Ga. 144, 145 (454 SE2d 478) (1995).

This is not a situation where there was a mutual mistake as to

the intent of the parties or where there has been a proceeding initiated to amend a judgment. OCGA § 9-11-60; *Smith v. Smith*, 230 Ga. 238, 239 (196 SE2d 437) (1973).

At the time the order was entered purporting to leave for trial the attorney fees under OCGA § 33-4-6, it had been determined that, as a matter of law, there was no claim under the policy. Therefore, there could have been no recovery for attorney fees under OCGA § 33-4-6. *Collins v. Life Ins. Co. &c.*, 228 Ga. App. 301, 304 (3) (491 SE2d 514) (1997); *Globe Life &c. Ins. Co. v. Ogden*, 182 Ga. App. 803 (357 SE2d 276) (1987).

Additionally, at the time it sought partial summary judgment, State Farm had put forward evidence that it had obtained the opinion of an independent medical examiner that the disputed treatment was not medically necessary. Such an opinion, unless patently wrong, which has not been demonstrated here, provides a reasonable good faith basis for the insurer's denial of the claim. *Jones v. State Farm &c. Ins. Co.*, 228 Ga. App. 347, 350 (3) (491 SE2d 830) (1997); *Haezebrouck v. State Farm &c. Ins. Co.*, 216 Ga. App. 809, 811 (3) (455 SE2d 842) (1995).

*Judgment reversed. Ruffin, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED MARCH 2, 2000.

*Brannen, Searcy & Smith, David R. Smith, Beverly G. O'Hearn*, for appellant.
*Ashman, Lasky & Cooper, Charles R. Ashman, Brian E. Krapf*, for appellee.

