A07A1744. DE LA REZA et al. v. OSPREY CAPITAL, LLC.
(651 SE2d 97)

JOHNSON, Presiding Judge.

On February 6, 2001, the State Court of DeKalb County entered the following judgment in favor of First Union, predecessor in interest of Osprey Capital, against Daniel De La Reza, Michael Randles, M&M Mortgage Company, Inc., and LBA Real Estate Investments, Inc.:

Against Defendant M&M Mortgage Co., Inc. a/k/a M&M Mortgage Corporation, Inc. ("M&M") in the total amount of $137,513.58 of which amount $122,583.00 constitutes the principal and $14,930.58 constitutes the interest accrued thereon;

Against LBA Real Estate Investments, Inc. ("LBA") in the total amount of $36,937.37 of which amount $32,927.00 constitutes the principal and $4,010.37 constitutes the interest accrued thereon; and

Against Mr. Michael D. Randles and Mr. Daniel De La Reza jointly and severally in the total amount of $191,921.04 of which amount $174,450.95 constitutes the principal and

---

interest guaranteed by Randles and De La Reza and $17,470.09 constitutes attorney's fees.

Three separate writs of fieri facias were issued by the State Court of DeKalb County.

On February 9, 2001, M&M, LBA, Randles, and De La Reza appealed the judgment. This Court affirmed the trial court's judgment and imposed a $1,000 penalty jointly on appellants and their counsel after finding no reasonable grounds upon which appellants or their counsel could anticipate a finding of error by this Court.[1]

On November 2, 2006, five years and eight months after the expiration of the term of court in which the judgment was entered,[2] the appellants filed a motion to modify, clarify, interpret, amend, void or otherwise correct the judgment. In this motion, the appellants claimed for the first time that the judgment was incorrect because a separate amount was listed on the judgment for Randles and De La Reza or that Randles and De La Reza should instead be listed as jointly and severally liable for the amounts listed for M&M and LBA. The trial court denied the motion, concluding that it did not have jurisdiction to alter the judgment. The appellants appeal. We find no error and affirm the trial court's order.

1. The appellants contend the trial court erred in denying their motion by incorrectly stating that it had no jurisdiction to hear the motion. According to the appellants, the trial court had jurisdiction under OCGA §§ 9-12-16, 15-1-3 (6), and 9-12-14. We disagree.

It is well established that a trial court has no jurisdiction to change or modify a judgment outside the term of court in which the judgment was entered.[3] After the close of the term of court in which the judgment was entered, "it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits."[4] And, while a judgment which is void for lack of jurisdiction may be attacked at any time, all other motions to set aside a judgment must be brought within three years after the judgment was entered.[5]

Here, the appellants filed their motion five years and eight months after entry of the judgment of which they complain. Furthermore, the appellants have not pointed to any evidence that the trial

---

[1] *De La Reza v. First Union Nat. Bank*, Case No. A01A1504 (decided November 1, 2001) (unpublished).

[2] The term of State Court of DeKalb County in which the judgment was entered expired on March 31, 2001. See Ga. L. 1983, pp. 4332-4333; *Feazell v. Gregg*, 270 Ga. App. 651, 652 (1) (a) (607 SE2d 253) (2004).

[3] See *Tanaka v. Pecqueur*, 268 Ga. App. 380, 381-382 (1) (601 SE2d 830) (2004).

[4] (Citation and punctuation omitted.) *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971).

[5] OCGA § 9-11-60 (f).

court lacked jurisdiction over the subject matter of the action or over the appellants at the time the judgment was entered. As a result, the trial court properly found that it lacked jurisdiction to entertain any motion to set aside or amend the judgment in question.

The appellants argue that the trial court's original judgment is void because it allows for a double recovery, which is against Georgia public policy. They assert that the trial court could have set the judgment aside pursuant to OCGA §§ 9-12-16,[6] 15-1-3 (6),[7] and 9-12-14.[8] According to the appellants, none of these Code sections sets a time limitation for moving to amend a judgment. However, we find these Code sections inapplicable. We further note that the appellants could have, but did not, raise this double recovery issue during their first appeal in 2001. The issue is therefore barred by res judicata in this subsequent appeal.[9]

OCGA § 9-12-16 does not apply because there is no issue regarding the trial court's original jurisdiction and because the judgment at issue is not a "void" judgment. A void judgment is one that has a defect apparent on its face.[10] "Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be."[11] Here, the trial court's judgment does not have a defect apparent on its face. In fact, the judgment is clear and specific. Thus, at best, the judgment is voidable. Since the trial court's judgment was not timely set aside, the appellants are bound to comply with the judgment, however erroneous or irregular it may be.[12]

Likewise, OCGA § 15-1-3 (6) is equally unavailing because that Code section "does not enable a court to change a judgment in substance or in any material respect."[13] And, the appellants did not

---

[6] This Code section provides that a "judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

[7] This Code section gives a trial court the power to "amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth."

[8] This Code section allows a judgment to be amended by order of the court to conform the verdict upon which it is predicated, even after an execution issues.

[9] See *American Liberty Ins. Co. v. Sanders*, 122 Ga. App. 407, 409 (1) (177 SE2d 176) (1970); *Sewell Dairy Supply Co. v. Taylor*, 113 Ga. App. 729, 730 (3) (149 SE2d 540) (1966).

[10] See *Owenby v. Stancil*, 190 Ga. 50, 58-59 (6) (8 SE2d 7) (1940).

[11] (Citation and punctuation omitted.) *Harris v. Johnson*, 257 Ga. App. 182, 183 (570 SE2d 582) (2002).

[12] See *Murphy v. Murphy*, 263 Ga. 280, 281-283 (430 SE2d 749) (1993); *Golden Key Restaurant &c. v. Key Mgmt. Corp.*, 137 Ga. App. 251, 253 (2) (223 SE2d 284) (1976).

[13] *Crowell v. Crowell*, 191 Ga. 36, 39 (11 SE2d 190) (1940); *State Farm &c. Ins. Co. v. Johnson*, 242 Ga. App. 591, 592 (530 SE2d 492) (2000) (physical precedent only).

raise a claim regarding OCGA § 9-12-14 in the court below, so it is not properly before this Court.[14]

Moreover, this Court has already decided the issue adversely to the appellants. In *Nashville, Chattanooga & St. Louis R. v. Brown*,[15] the trial court entered a judgment against the defendant and the garnishee jointly. The garnishee filed a motion of illegality, and the trial court amended the judgment by changing it into separate judgments against the defendant and the garnishee. The trial court explained that it announced judgment against the defendant and the garnishee separately, but, by inadvertence of a clerical assistant, the joint judgment was written up and entered on the docket. On appeal, this Court reversed the trial court's order, finding that the trial court could not alter the terms of the judgment to convert it from joint liability to separate liability:

> The power to amend a judgment so that it should, in its substantial effect, be different from what it was originally is equivalent to the power to set aside one judgment and substitute another. The only logical result, therefore, is that the magistrate may amend his judgments only in matters of form.[16]

Here, the appellants seek to do the reverse sought in *Brown*. They wish to convert separate judgments into a joint and several judgment through an amendment in the trial court in a term after the judgment was entered, relying on their "void against public policy" argument. This is not permissible. In addition, as noted previously, this Court affirmed the trial court's judgment in 2001, finding no error by the trial court and assessing a frivolous appeal penalty on the appellants and their counsel. If the appellants believed that the judgment was substantively wrong, they should have timely moved to set aside the judgment and appealed that issue to this Court in 2001. The trial court did not err in finding that it had no jurisdiction to consider the appellants' motion.

2. The appellants claim the trial court erred in not ruling that a double recovery is against public policy in the State of Georgia. First of all, the trial court properly found that it lacked jurisdiction to consider the appellants' motion; thus this enumeration of error is moot. Moreover, this enumeration of error could have been, but was

---

[14] See *Padilla v. Melendez*, 228 Ga. App. 460, 461 (1) (491 SE2d 905) (1997) (we do not consider issues raised for the first time on appeal because the trial court has not had an opportunity to review them).

[15] 3 Ga. App. 561 (60 SE 319) (1908).

[16] Id. at 565.

not, raised at the first appeal. It is therefore barred by res judicata in this subsequent appeal.[17]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 19, 2007 —
RECONSIDERATION DENIED AUGUST 10, 2007 —

*Greer, Klosik, Daugherty & Swank, John F. Daugherty, Robert J. McCune,* for appellants.

*Smith, Gambrell & Russell, Thomas H. Jefferson, William V. Hearnburg,* for appellee.

