A07A1586. STATE AUTO MUTUAL INSURANCE COMPANY v. RELOCATION & CORPORATE HOUSING SERVICES, INC. et al.
(651 SE2d 829)

JOHNSON, Presiding Judge.

State Auto Mutual Insurance Company, as subrogee of Furniture Rentals, Inc. (hereafter collectively "Furniture Rentals"), appeals from the trial court's order dismissing its contribution action filed against its former co-defendants Relocation & Corporate Housing Services, Inc. ("RCHS") and Sauder Woodworking Company, Inc. We affirm the judgment of the trial court.

Rachel, Jeremy and Brenleigh Kitchens were displaced from their home after it flooded. RCHS contracted with the Kitchenses to provide them with temporary living quarters while their home was being repaired. RCHS then contracted with Furniture Rentals to furnish the apartment. Furniture Rentals placed a television stand manufactured by Sauder in the Kitchenses' apartment. Brenleigh Kitchens, a toddler, was injured when the television and television stand fell on her.

The Kitchenses filed suit against RCHS, Sauder, and Furniture Rentals claiming the defendants were jointly and severally liable for the child's injuries. Sauder and RCHS filed timely answers to the complaint, but Furniture Rentals did not. The Kitchenses moved for default judgment against Furniture Rentals. After a hearing at which Furniture Rentals did not appear, the trial court entered a default judgment against Furniture Rentals for $300,000. The court specifically found that, by not answering the complaint, Furniture Rentals had admitted the facts alleged in the complaint, including the allegation that it was jointly and severally liable to the Kitchenses. The court also found that Furniture Rentals' acts were the sole proximate cause of the Kitchenses' injuries.

The Kitchenses began garnishment proceedings against Furniture Rentals. Furniture Rentals paid the Kitchenses $270,000 in exchange for a satisfaction of judgment. RCHS and Sauder each paid the Kitchenses $15,000 in return for a release from the Kitchenses and dismissal with prejudice of the claims that remained pending against them.

Furniture Rentals sued RCHS and Sauder for contribution. RCHS and Sauder moved to dismiss the complaint, arguing that the court lacked subject matter jurisdiction because the suit was an improper collateral attack on the default judgment entered against Furniture Rentals. The trial court granted the motion to dismiss. Furniture Rentals appeals.

1. Furniture Rentals contends that the trial court erred in finding that the court lacked subject matter jurisdiction over a collateral attack on a default judgment, when it was not collaterally attacking the default judgment, but was pursuing its right to contribution from joint tortfeasors under OCGA § 51-12-32.[1] We find no error.

The right to contribution relates only to joint tortfeasors, and where the proposed defendant cannot be made liable as a joint tortfeasor, the contribution action does not state a claim.[2] Because Furniture Rentals was found to be the *sole* proximate cause of the injuries, there were no joint tortfeasors.[3]

---

[1] See *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 34 (2) (410 SE2d 154) (1991).

[2] See *Southern R. Co. v. Brewer*, 122 Ga. App. 292, 293 (176 SE2d 665) (1970).

[3] Defendants are joint tortfeasors if their separate and distinct acts of negligence concur to proximately cause an injury. *St. Paul Fire &c. Ins. Co. v. MAG Mut. Ins. Co.*, 209 Ga. App. 184, 185 (433 SE2d 112) (1993).

A judgment not void on its face is subject to attack only by a direct proceeding in the court in which it was rendered.[4] Every presumption will be indulged in favor of the validity of a judgment rendered by a court having jurisdiction of the subject matter and the parties; and until set aside in a manner prescribed by law, such judgment will be given effect.[5] A judgment of a court having jurisdiction of the parties and the subject matter, however erroneous or irregular, is binding until set aside.[6] If a party is dissatisfied with a judgment, it does not merely file a new action against the other party; instead, it must attack the prior judgment directly.[7] A "collateral attack" upon a prior judgment has been characterized as an attempt to avoid, defeat or evade a judicial decree, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking the prior judgment.[8] If Furniture Rentals was dissatisfied with the court's finding that it was the sole proximate cause of the injuries, it should have challenged the judgment as permitted by law.[9] It cannot deny the force or effect of the court's prior judgment by filing a contribution action against its former co-defendants.

2. Furniture Rentals contends the trial court erred in finding that it is collaterally estopped from pursuing the contribution action, when the principle of collateral estoppel does not apply in this case. The court, however, did not hold that collateral estoppel applies here. Instead, it held that Furniture Rentals was improperly attempting to collaterally or indirectly attack the judgment by filing the contribution action. As discussed above, the default judgment is binding until set aside in a manner prescribed by law,[10] and it cannot be defeated by the filing of a separate action for contribution.

3. According to Furniture Rentals, the trial court misinterpreted precedent when it found that it lacked subject matter jurisdiction over this contribution action. We disagree.

In its order of dismissal, the trial court correctly cited *Zepp v. Toporek*,[11] and *Dean v. Schreeder, Wheeler & Flint*,[12] for the principle that a trial court lacks jurisdiction over an action which attempts to

---

[4] *Zepp v. Toporek*, 211 Ga. App. 169, 171 (1) (b) (438 SE2d 636) (1993). Note that a judgment is void on its face if the court entering judgment lacked jurisdiction of the person or subject matter. *Murphy v. Murphy*, 263 Ga. 280, 282-283 (438 SE2d 636) (1993).

[5] *Matthews Group & Assoc. v. Wages*, 180 Ga. App. 151, 152 (2) (348 SE2d 695) (1986).

[6] Id. See generally *Facey v. Facey*, 281 Ga. 367, 371 (6) (638 SE2d 273) (2006).

[7] See *Dean v. Schreeder, Wheeler & Flint*, 222 Ga. App. 426, 429 (1) (474 SE2d 648) (1996).

[8] *Puett v. McCannon*, 183 Ga. App. 152, 155-156 (3) (358 SE2d 300) (1987).

[9] See OCGA § 9-11-60 (a), (b) (judgment not void on its face is subject to attack only by a direct proceeding in the court in which it is rendered).

[10] See *Matthews Group & Assoc.*, supra.

[11] Supra.

[12] Supra.

collaterally attack a prior judgment (which was not void on its face) in a court other than the one in which it was rendered. Furniture Rentals' action to recover contributions from its former co-defendants after the court specifically found Furniture Rentals to be the sole proximate cause of the injuries amounts to an unauthorized collateral attack on a prior judgment. Furniture Rentals' attempts to distinguish the cited cases on the basis that the defendants therein were not the plaintiffs' former co-defendants are unpersuasive. The holdings in those cases are not so limiting. The cases were decided based on whether the plaintiff's new action was an unauthorized collateral attack on a prior judgment. Furniture Rentals' action is such an indirect attack.

4. Furniture Rentals argues that the trial court erred by not recognizing that OCGA § 9-12-16 authorized it to disregard the "sole proximate cause" finding in the prior default judgment. We disagree.

OCGA § 9-12-16 provides that the judgment of a court having no jurisdiction or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. Furniture Rentals contends that the trial court could not properly find as part of a default judgment that Furniture Rentals was the sole proximate cause of the injuries and, therefore, the finding was a nullity.

OCGA § 9-12-16 does not apply in this case because there is no issue regarding the trial court's original jurisdiction and because the judgment at issue is not a "void" judgment.[13] A void judgment is one that has a defect apparent on its face.[14] Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be.[15] Here, the trial court's judgment does not have a defect apparent on its face. Thus, at best, the judgment is voidable.[16] Because the trial court's judgment was not timely set aside, Furniture Rentals is bound to comply with the judgment even if, as Furniture Rentals alleges, it is erroneous or irregular.[17]

5. Furniture Rentals urges that it was denied its due process rights in that the trial court dismissed its contribution action based on an improper default judgment. The default judgment, it maintains, was entered without Furniture Rentals having received proper notice and an opportunity to be heard. However, if Furniture Rentals'

---

[13] *De La Reza v. Osprey Capital*, 287 Ga. App. 196 (651 SE2d 97) (2007).
[14] Id.
[15] Id.
[16] See id.
[17] Id.

rights were violated in the first action, it should have filed an appropriate appeal from the judgment entered in that case.[18] It not having done so, this enumeration presents no basis for reversal.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 17, 2007 — 

*Fulcher, Hagler, Reed, Hanks & Harper, David P. Dekle, Andrew W. Holliday*, for appellant.

*Tucker, Everitt, Long, Brewton & Lanier, Thomas W. Tucker, Allgood, Childs & Mehrhof, Thomas F. Allgood, Jr.*, for appellees.