# Court of Appeals
# of the State of Georgia

ATLANTA,____July 27, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A2032. LENNOX BRADSHAW v. PLANTATION CONDOMINIUM ASSOCIATION, INC.**

Plantation Condominium Association, Inc. ("the Association") sued homeowner Lennox Bradshaw, seeking over $17,000 in unpaid association fees. On April 13, 2015, the trial court signed a consent judgment, resolving the dispute.

Bradshaw allegedly did not pay in accordance with the agreement. In May 2015, the Association filed a "Motion for Final Judgment" claiming that Bradshaw had not paid under the judgment and seeking over $28,000. The trial court scheduled a hearing on the motion for September 2, 2015. At the hearing, the trial court apparently indicated it was going to grant the motion. Although the ruling was not reduced to writing, Bradshaw filed a motion for reconsideration arguing that the trial court could not grant the motion without first conducting an evidentiary hearing. The trial court initially granted the motion for reconsideration. However, on January 27, 2016, the trial court dismissed the motion on the basis that it was not filed within the term of court in which the consent judgment had been entered, thus depriving the trial court of authority to modify that judgment. On February 4, 2016, Bradshaw filed a notice of appeal from this ruling.[1] We, however, lack jurisdiction.

The trial court's entry of the consent judgment resolving the dispute rendered the case final and subject to direct appeal.  See OCGA § 5-6-34 (a) (1).  To the extent Bradford had a right to appeal, he was required to file the notice of appeal within 30

---

[1] Bradshaw directed his appeal to the Supreme Court, which transferred the matter to this Court.

days of the April 13, 2015 order. See OCGA § 5-6-38 (a). Accordingly, Bradford's notice of appeal – filed 297 after entry of the final order – is untimely. And the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).

The fact that the Association purported to file a subsequent motion for final judgment does not alter this result. A trial court loses power to modify the substance of a judgment after the expiration of the term of court in which the judgment was entered. See *De La Reza v. Osprey Capital*, 287 Ga. App. 196, 197 (1) (651 SE2d 97) (2007). Because the trial court had entered a final judgment, it also lacked authority to rule on the Association's motion. For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, _____07/27/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*