**THIRD DIVISION
MILLER, P. J.,
MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 15, 2017**

# In the Court of Appeals of Georgia

A16A0990. WILLIAMS v. WILLIS, III.

MILLER, Presiding Judge.

Frederick L. Willis, III, sued Michael W. Williams in Georgia in 1990, alleging fraudulent and negligent misrepresentation, arising from a joint real estate venture in Atlanta. In 1992, Willis raised nearly identical claims against Williams in a South Carolina suit, arising from the same real estate venture. Willis obtained a judgment against Williams in the South Carolina action in 1993 (hereinafter, the "South Carolina Judgment"). Several months later, Willis obtained a judgment against Williams in the Georgia suit (hereinafter the "Georgia Judgment"). In 2015, Williams filed an emergency motion to set aside the Georgia Judgment. Williams now appeals from the denial of that motion, contending that the Georgia Judgment is void under OCGA § 9-12-16. For the reasons that follow we find that the Georgia judgment is

not void. Rather the Georgia Judgment was merely voidable, and Williams is bound by the Georgia Judgment because he failed to have it timely set aside. Consequently, we affirm the denial of Williams's emergency motion to set aside the Georgia Judgment.

In so holding, we emphasize that, rather than sleeping on his rights, Williams could have had the duplicative Georgia Judgment set aside, if he had brought a motion to set aside, pursuant to OCGA § 9-11-60, within three years after the judgment was entered.

> Under OCGA § 9-12-16, a judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. A void judgment is one that has a defect apparent on its face. Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be.

(Citation and punctuation omitted.) *Kothari v. Tessfaye*, 318 Ga. App. 289, 294 (1) (a) (733 SE2d 815) (2012). The determination of whether the Georgia Judgment is void or voidable is a question of law which this Court reviews de novo. *Artson, LLC v. Hudson*, 322 Ga. App. 859, 860 (747 SE2d 68) (2013).

2

Here, the limited record shows that Willis, a South Carolina resident, filed suit against Williams, a Georgia resident, in the State Court of DeKalb County, Georgia in April 1990, raising claims arising from his investment in an Atlanta real estate venture. In his Georgia complaint, Willis alleged that he sustained more than $500,000 in damages caused by Williams' intentional and fraudulent misrepresentations, fraudulent concealment, and breaches of fiduciary duty arising from Willis's purchase of shares in a limited partnership. Williams answered the Georgia Complaint in April 1991.

In January 1992, Willis filed a state court suit against Williams in South Carolina raising similar claims for fraud, negligent misrepresentation and civil conspiracy. These claims also apparently arose from Willis's purchase of shares in the same limited partnership. On November 22, 1993, the South Carolina trial court entered a final judgment in favor of Willis on his claims and awarded Willis more than $980,000 in damages and prejudgment interest.

On July 5, 1994 – after providing notice to Williams – the DeKalb State Court held a bench trial on Willis's claims arising from his Georgia complaint. That same day, the DeKalb State Court entered judgment in favor of Willis on his claims and

awarded Willis more than $1 million in damages, including $250,000 in punitive damages.

More than 20 years later, in September 2015, Willis apparently initiated Illinois collection proceedings by domesticating the Georgia Judgment in the Superior Court of Cook County, Illinois. In response to this action, Williams filed an emergency motion to set aside the Georgia Judgment. At the hearing on Williams's emergency motion, Willis conceded that the South Carolina Judgment expired as a matter of law in 2003, and therefore is no longer enforceable. The trial court denied Williams's emergency motion, and this appeal ensued.

On appeal, Williams contends that the South Carolina Judgment was conclusive as to the issues between the parties, and therefore the Georgia Judgment is duplicative and void under OCGA § 9-12-16. We disagree.

> It is well established that a trial court has no jurisdiction to change or modify a judgment outside the term of court in which the judgment was entered. . . . And, while a judgment which is void for lack of jurisdiction may be attacked at any time, all other motions to set aside a judgment must be brought within three years after the judgment was entered.

4

(Punctuation and footnotes omitted.) *De La Reza v. Osprey Capital, LLC*, 287 Ga. App. 196, 197 (1) (651 SE2d 97) (2007); see also OCGA § 9-11-60 (f).

> OCGA § 9-12-16 does not apply [where] there is no issue regarding the trial court's original jurisdiction and [where] the judgment at issue is not a void judgment. A void judgment is one that has a defect apparent on its face. Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be.

(Punctuation and footnotes omitted.) Id at 198 (1). Thus, the question before this Court is whether the Georgia Judgment was void or merely voidable.

Here, Williams does not argue and nothing in the record shows, that the trial court, which entered the Georgia Judgment at issue on appeal in this case lacked jurisdiction over the parties or the subject matter of this action. Notably, there is no evidence in the record that the South Carolina Judgment was domesticated in Georgia under the Uniform Enforcement of Judgments Law,[1] either prior to entry of the Georgia Judgment or at any time. Accordingly, this is not a case in which the trial court first domesticated an out-of-state judgment and then entered a duplicative

---

[1] OCGA §§ 9-12-130 et. seq.

5

judgment in Georgia. Compare *Arrowhead Alternator, Inc. v. CIT Communications Finance Corp*, 268 Ga. App. 464, 465 (602 SE2d 231) (2004) (Duplicative Georgia judgment was void ab initio and a nullity because it was issued after New Jersey judgment was domesticated in Georgia). Moreover, Williams does not contend that trial court in this case lacked jurisdiction over the parties or the subject matter of this action, and he cites to nothing in the Appellate Record that would support such a ruling.

In the absence of evidence that the trial court lacked jurisdiction over the subject matter or the parties, the Georgia Judgment is not *void*. Rather, the Georgia Judgment was merely *voidable* and OCGA § 9-12-16 does not apply to this case. *De La Reza*, supra, 287 Ga. App. at 198 (1); *State Auto Mut. Ins. Co. v. Relocation & Corporate Housing Servs.*, 287 Ga. App. 575, 578 (4) (651 SE2d 829) (2007). Although the Georgia judgment is duplicative of the South Carolina judgment, the Georgia Judgment is no longer voidable because Williams failed to timely move to set the judgment aside within three years pursuant to OCGA § 9-11-60. Consequently, we have no choice but to find that the Georgia Judgment stands and Williams is bound by that judgment. See *De La Reza*, supra, 287 Ga. App. at 198 (1);

6

*State Auto*, supra, 287 Ga. App. at 578 (4). Accordingly, we affirm the denial of Williams's emergency motion to set aside the Georgia Judgment.

*Judgment affirmed. McFadden, P. J., concurs. McMillian, J., concurs in judgment only*.

A16A0990. WILLIAMS v. WILLIS, III.

MᴄMɪʟʟɪᴀɴ, Judge, concurring in judgment only.

While I concur with the result reached by the majority in this case, I do not agree with all that is said. Accordingly, I concur in the judgment only, and as a result, the majority's opinion is not binding precedent. See Court of Appeals Rule 33 (a).