# Court of Appeals
# of the State of Georgia

ATLANTA,  May 09, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1112. ATLANTA WOMEN'S SPECIALISTS, LLC, et al v. KEITH TRABUE et al.

This is a medical malpractice case in which the jury returned a verdict of nearly $46 million for the plaintiffs (collectively, "Trabue"). It has been before us before; in "*Trabue I*," we determined that the trial court erred in granting a new trial as to apportionment and, consequently, reversed that portion of the order, vacated the trial court's ruling as to attorney fees, and remanded the case. *Trabue v. Atlanta Women's Specialists, LLC*, 349 Ga. App. 223 (825 SE2d 586) (2019) ("*Trabue I*"). The Supreme Court affirmed our decision. *Atlanta Women's Specialists, LLC v. Trabue*, 310 Ga. 331 (850 SE2d 748) (2020) ("*Trabue II*").

The defendants then filed both a motion to set aside or, in the alternative, for remittitur, and a second notice of appeal from all adverse decisions, including the final judgment. In "*Trabue III*," the defendants argued that a new trial was warranted because counsel for Trabue made an improper argument during closing argument and because an improper verdict form rendered the jury's verdict void. We concluded that the defendants were precluded from raising these arguments in light of their earlier appeal. Case No. A21A1286 (Dec. 14, 2021) (unpublished).

After our decision in *Trabue III*, the trial court considered the defendants' motions to set aside or, in the alternative, for remittitur. The defendants' motions argued that the jury's verdict was "void" and must be set aside because it awarded

damages that were not recoverable, awarded amounts to each plaintiff that were "fatally inconsistent," and wrongfully imposed joint and several liability. The defendants also sought relief under OCGA § 51-12-12, arguing that the jury's award was "grossly excessive" and should be reduced by the court. The trial court denied the motions, and the defendants filed this appeal.[1] Trabue has filed a motion to dismiss, contending that the defendants were required to follow the discretionary appeal procedures to bring this appeal. We agree.

The defendants assert, in response to Trabue's motion to dismiss, that they sought relief under OCGA § 9-12-16, which provides that a judgment that is void is a mere nullity. But the trial court had jurisdiction over both the parties and the subject matter of this case, so its judgment was not void. See *De La Reza v. Osprey Capital, LLC*, 287 Ga. App. 196, 198 (1) (651 SE2d 97) (2007) ("Where jurisdiction exists both of the subject matter and of the parties, as well as jurisdiction to make the particular order in question, an order is not void, but voidable, however erroneous or irregular it may be.") (Citations and punctuation omitted.). Consequently, the defendants' motions to set aside are most accurately construed as seeking relief under OCGA § 9-11-60 (d) (3), which provides that a judgment may be set aside "based upon . . . [a] nonamendable defect which appears upon the face of the record or pleadings." And as Trabue correctly notes, a party must follow the discretionary appeal procedures to obtain appellate review of a trial court's order denying a motion to set aside that was

---

[1] In their appellate briefs, the defendants' enumerations of error all concern the trial court's ruling on their request to set aside the judgment. The Supreme Court has directed us to look at the issues raised on appeal to determine whether a party is entitled to a direct appeal. See *Voyles v. Voyles*, 301 Ga. 44, 46-47 (799 SE2d 160) (2017). The only issue raised in this appeal is the trial court's denial of the defendants' motions to set aside.

brought pursuant to OCGA § 9-11-60 (d). See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because the defendants failed to follow the proper appellate procedures, Trabue's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 05/09/2024

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*