## A96A1991. BRADLEY v. BRADLEY.
(484 SE2d 280)

JOHNSON, Judge.

This is the third appearance of this case involving the respective rights of various beneficiaries to share in a testator's estate. In order to present a clear view of the case, we will set out in some detail its procedural history. As complicated as the case is procedurally, however, it presents two relatively simple legal issues: Is an agreement whereby one beneficiary under a will assigns his interest in the estate to a second beneficiary valid and enforceable? And, if so, is such an agreement rendered unenforceable merely because other, alternative beneficiaries under the will later file an action against the assignor to determine his rights to inherit under the will? We hold that the agreement is valid and binding despite the subsequent filing of a legal action by the alternative beneficiaries.

Benjamin Bradley was charged with two counts of murder and one count of attempted arson in connection with the deaths of his father and stepmother. He pled guilty to two counts of voluntary manslaughter. Benjamin Bradley's father, Howard Bradley, died testate and left nearly all of his estate to Benjamin Bradley. The will provided that if Benjamin Bradley predeceased his father and left no lineal descendants, his share would pass to other named relatives (hereinafter the "alternative beneficiaries"). The decedent left only $100 to his only other child, James Bradley, explaining in the will that real property was conveyed to James Bradley during the decedent's lifetime.

In 1992, James Bradley sued Benjamin Bradley pursuant to OCGA § 53-4-6 (the "slayer statute") seeking a finding that Benjamin Bradley killed their father with malice aforethought and so was not entitled to share in the estate. The trial court granted Benjamin Bradley's motion for partial summary judgment because, even if malice was found, Benjamin Bradley's share would go to the alternative beneficiaries named in the will rather than to James Bradley. We affirmed the judgment of the trial court. *Bradley v. Bradley*, 213 Ga. App. 68 (443 SE2d 863) (1994).[1] James Bradley had also filed a wrongful death action against Benjamin Bradley, which was still pending.

In April 1994, Benjamin Bradley and James Bradley entered into an agreement which purported to settle both actions. Benjamin Bradley agreed to pay James Bradley a sum of money and convey to him his interest in a parcel of real property Benjamin Bradley was

---

[1] The second appearance was *Bradley v. Bradley*, Case No. A94A2820 (decided January 9, 1995). In that appeal, we vacated a judgment of the trial court entered after the case based on the slayer statute was voluntarily dismissed.

designated to receive under the will. In exchange, James Bradley agreed to release Benjamin Bradley from all claims related to their father's death or estate.

In February 1995, the alternative beneficiaries in the will filed an action for declaratory and injunctive relief against Benjamin Bradley and the executor of the estate for a determination of whether Benjamin Bradley killed his father with malice aforethought.

A month later, Benjamin Bradley filed a motion to set aside the agreement executed by himself and James Bradley, contending that the filing of the suit by the alternative beneficiaries constituted the "act of a third party" and rendered him unable to perform his obligations under the agreement.[2] Benjamin Bradley argued that in the event the alternative beneficiaries' suit resulted in a finding that he acted with malice, he would be denied the right to share in the estate and therefore would be unable to convey anything to James Bradley as agreed. Before the court ruled on the motion to set aside, Benjamin Bradley and the alternative beneficiaries entered into an agreement whereby Benjamin Bradley and those beneficiaries would divide the estate between themselves, to the exclusion of James Bradley. James Bradley then filed a complaint to enforce the settlement agreement between himself and Benjamin Bradley. James Bradley moved for partial summary judgment, claiming that the 1994 agreement between the brothers was binding. In a detailed order, the trial court denied Benjamin Bradley's motion to set aside the agreement, denied his motion to dismiss James Bradley's complaint to enforce the settlement, and granted James Bradley's motion for summary judgment. The court found that Benjamin Bradley had an inchoate title to the property he would inherit under the will, that the inchoate title could be and was legally assigned, and that the settlement agreement between the brothers was binding.

Although he lists three separate enumerations of error, Benjamin Bradley makes but one argument in his brief. In sum, he contends that the agreement he reached with James Bradley should have been set aside because the filing of the action by the alternative beneficiaries constituted "the acts of a third party" which prevented him from performing under the agreement. There is no merit to this argument.

"The right of an heir or a legatee to an interest in an estate is a chose in action, and is assignable." (Citation and punctuation omitted.) *Adler v. Ormond,* 119 Ga. App. 60, 62 (2) (166 SE2d 384) (1969). "A chose in action includes all rights to personal property not in pos-

---

[2] "In the event that the parties are unable to consummate this agreement . . . by some unforeseeable circumstances or the acts of a third party, . . . the above-styled actions [will] be reinstituted. . . ."

session, which may be enforced by action." (Citation and punctuation omitted.) *Cullen v. Bragg*, 180 Ga. App. 866, 867 (1) (350 SE2d 798) (1986). As to real property, upon the death of the testator, devisees have an inchoate title to realty which can be voluntarily conveyed and is an assignable property right. *Allan v. Allan*, 236 Ga. 199, 201 (223 SE2d 445) (1976). Agreements among heirs to distribute or divide property devised under a will, in lieu of the manner provided by the will, are valid and enforceable. *Higdon v. Ga. Farm Bureau &c. Ins. Co.*, 204 Ga. App. 192, 193 (419 SE2d 80) (1992). "It is also settled law that [beneficiaries] by their agreement bind themselves thereto as well as those claiming under them." *McVay v. Anderson*, 221 Ga. 381, 382 (144 SE2d 741) (1965). "Such agreements have as their consideration the termination of family controversies . . . [and] are supported by the public policy of furthering family harmony and avoiding lengthy litigation. The agreements are in essence solely contractual and governed by the rules applicable to all contracts." (Citations and punctuation omitted.) *Beckworth v. Beckworth*, 255 Ga. 241, 243 (1) (a) (336 SE2d 782) (1985).

In this case, Benjamin Bradley neither alleges nor shows that the agreement fails to comply with the rules applicable to contracts. See *West v. Downer*, 218 Ga. 235, 241-242 (5) (127 SE2d 359) (1962). He was authorized by law to enter into an agreement assigning to another whatever interest he had in his father's estate, and he did. Both parties, as well as those claiming under them, are bound by that agreement. Although, as Benjamin argues, a devisee's interest in realty does not vest until assented to by the executor, once assent is given, it relates back to the date of the testator's death. See *Allan*, supra.

Benjamin Bradley's reliance on the contractual provision that the actions may be reinstated if the parties are unable to consummate the agreement due to the acts of a third party is misplaced. It is clear from the numerous pleadings filed and court rulings issued in this case and the related cases that the brothers had full knowledge before they entered into the agreement both that alternative beneficiaries were involved and there was a statute prohibiting a person who killed the decedent with malice from sharing in the estate. Yet, Benjamin agreed in writing to convey his interest under the will to James Bradley, except where the act of a third party *rendered him unable to perform*. The mere filing of a declaratory action by the alternative beneficiaries against Benjamin Bradley, in and of itself, did not render his performance under the agreement impossible and did nothing to divest him of his interest in the estate. This Court favors upholding settlement agreements whenever possible. See generally *Schafer Properties v. Tara State Bank*, 220 Ga. App. 378, 380-381 (1) (469 SE2d 743) (1996). We see no reason to set aside a valid

settlement agreement based solely on the subsequent filing of an action by a third party against one of the parties to the contract. This is particularly true here, where the third party's action was eventually dismissed and the assignor under the contract attempted to assign the same interest to the third party.

A contract of compromise is binding on the parties, and neither party to a compromise has power to disregard it if it was full and final between them. *Bishop v. Intl. Paper Co.*, 174 Ga. App. 863, 864 (1) (332 SE2d 12) (1985). The settlement agreement between Benjamin and James Bradley was full and final as to the entire controversy which existed between them; as such, it was binding upon and enforceable by and against them both. See *Aetna Cas. &c. Co. v. Empire Fire &c. Ins. Co.*, 212 Ga. App. 642, 647 (1) (442 SE2d 778) (1994). Therefore, the subsequent filing of an action by the alternative beneficiaries had no bearing on the brothers' obligations to each other as already set forth in the settlement agreement. The trial court did not err in denying Benjamin Bradley's motions to set aside the agreement and to dismiss, or in granting James Bradley's motion for summary judgment. We point out that the issue of the validity of the subsequent agreement between Benjamin Bradley and the alternative beneficiaries is not before the court and is not addressed.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 6, 1997 —
RECONSIDERATION DENIED MARCH 18, 1997 — 

*William L. Reilly*, for appellant.

*Waycaster, Morris, Johnson & Dean, R. Leslie Waycaster, Jr., Avrett, Ponder & Withrock, John T. Avrett, Clifford S. Lancey*, for appellee.

